Filed 2/26/15  P. v. Rosales CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROLANDO ROSALES,<br><br>    Defendant and Appellant. | B254106<br><br>(Los Angeles County<br>Super. Ct. No. BA414335) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Modified with directions and, as modified, affirmed.

Azar Elihu, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Yun K. Lee, Peggy Z. Huang and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Rolando Rosales guilty of crimes arising out of his physical assault of his former wife and son. On appeal, defendant contends that the trial court's characterization of his crimes as ones of "violence" is a ground for reversal. Then, based on defendant's characterization of his crimes as not very serious, he contends that the trial court abused its discretion by refusing to reduce them to misdemeanors. We reject these contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background.

Rosio R. and defendant separated in 2003. They had three children, including Rolando, Jr., and Sebastian.[1] On January 25, 2005, Rosio was living with her mother, Dolores Rodriguez. On that day, defendant broke a window at the house and threatened Rosio, who was injured by the broken glass.

Years later, on June 9, 2013, Sebastian was given permission to go to his paternal grandparents' house. Instead, he went to defendant's house, although he wasn't allowed to see his father unsupervised. Dolores, Rosio, and Rolando, Jr., went to get Sebastian. When they arrived, defendant verbally abused them. He picked up a potted plant and tried to throw it at Dolores, who he pushed to the ground. Rosio told defendant not to touch her mother, but he pushed Rosio and punched her face, knocking Rosio to the ground. To stop defendant, Rolando, Jr., hit defendant once. Defendant put Rolando, Jr., in a headlock and punched him about four times.

### II. Procedural Background.

On January 16, 2014, a jury found defendant guilty of count 1, felony corporal injury to a child's parent resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)),[2] and of count 2, felony assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). The jury deadlocked on count 3 for misdemeanor battery of

---

[1]    To avoid confusion and for consistency, we use first names.

[2]    All further undesignated statutory references are to the Penal Code.

Dolores, and the trial court declared a mistrial on that count.

After defendant waived a jury trial on prior conviction allegations, he admitted having prior convictions for forced oral copulation (§ 288a, subd. (c)(2)) and for petty theft (§ 666). Defendant filed, under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), a motion to strike his prior conviction for forced oral copulation. The trial court denied it.

On January 31, 2014, the trial court selected count 2 as the principal count and sentenced defendant to the upper term of four years, doubled to eight based on the strike. The court sentenced defendant to a consecutive one year doubled to two years on count 1. His total sentence therefore was 10 years in prison.

## DISCUSSION

### I. The Trial Court Did Not Misstate the Law or Commit Misconduct.

Before denying the *Romero* motion, the trial court recounted the facts of the "very serious [prior] crime" wherein defendant drove the victim, a drug addict, to a park under the pretext they would get high. Defendant threatened to kill the victim, punched her twice, put his fingers in her anus, and forced her to orally copulate him. The court also recounted the facts of the current crimes, including that defendant put his 14-year-old son in a headlock and punched him repeatedly. The court then said, "These [prior and current crimes] are both crimes of violence." Because the court's statement mischaracterized his crimes, defendant contends that "reversal" is required. The contention is meritless.

This alleged mischaracterization, defendant appears to contend, led the trial court to abuse its discretion in ruling on his *Romero* motion. (See generally *People v. Carmony* (2004) 33 Cal.4th 367, 374 [we review a trial court's ruling on a *Romero* motion for abuse of discretion]; § 1385.) When ruling on a *Romero* motion, the court must consider whether, in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies. (*People v. Williams* (1998) 17

3

Cal.4th 148, 161.) Here, the court, when it characterized defendant's prior and current crimes as ones of "violence" was speaking generally. The court was not specifically referring to the violent crimes delineated in section 667.5, subdivision (c). The court's meaning is quite clear when the statement is placed in the context of the court's recitation of the facts underlying defendant's crimes; namely, he punched, "violently," both his oral copulation victim and his young son. The court was therefore commenting on the "nature" of defendant's crimes, a factor relevant to evaluating whether to strike a prior conviction.

The record, moreover, shows that the trial court carefully considered the factors in *Williams* before denying defendant's motion. The court recounted the facts of defendant's prior and current crimes and noted that, in terms of defendant's character and prospects, his employer said that defendant was a good employee, and his parole agent said that defendant was doing well, "at least recently," on parole. The court also reviewed defendant's criminal history, which included a sustained juvenile petition for robbery; felony second degree burglary; felony grand theft person; and misdemeanor assault on a cohabitant. The court's methodical review of these factors demonstrates that the court was neither "unaware of the law" nor "irrational."

Although defendant's opening brief on appeal appears to question the validity of the trial court's ruling on his *Romero* motion, defendant, in his reply brief, appears to argue that he cited the court's denial of the *Romero* motion only to show the court's bias. Judicial misconduct, defendant asserts in the reply brief, is the real issue. Judicial misconduct, however, was not adequately raised in the opening brief. It is therefore waived. (*Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6 ["Arguments presented for the first time in an appellant's reply brief are considered waived"]; see also Cal. Rules of Court, rule 8.204(a)(1)(B) [issues should be set forth under separate headings and supported by argument and citation to authority]; see *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [ineffective assistance of counsel argument raised for the first time in the reply brief was waived].)

It is also meritless. The claim of judicial misconduct is premised on the trial court's alleged lack of impartiality, exemplified in the court's belief defendant's crimes were violent. (See generally *People v. Sturm* (2006) 37 Cal.4th 1218, 1233 [a trial court " 'commits misconduct if it persistently makes discourteous and disparaging remarks to defense counsel so as to discredit the defense or create the impression that it is allying itself with the prosecution' "].) We have already rejected defendant's argument that the court mischaracterized defendant's crimes. We similarly reject the notion that the court, by referring to defendant's crimes as violent, "dramatized" or "sensationalized" defendant's current crimes in its statements. What the trial court said was this: "Now, in my opinion, putting aside murders and manslaughter, sex crimes, where the victim is forced to do something, by force or fear, are among the most very serious of the strikes, because it's not only a physical assault on the person, it is an assault on the person's dignity and self-worth and everything else, and to pick up a stranger, albeit some sad addict who's hoping to get drugs, and then to force her to give him a blowjob—pardon my blunt language—having punched her and pulled her hair, that's a very, very serious crime, in my opinion. [¶] So that's factor one. That clearly militates against [defendant's] request."

Neither this nor any other statement made by the trial court shows either that the trial court engaged in misconduct or that its sentencing decisions were anything but impartial, reasoned, and within its discretion.

Finally, although it is unclear how it is relevant to any claim of judicial misconduct, defendant also appears to contend that his current crimes must be either serious or violent felonies to warrant sentencing under the Three Strikes law. He is wrong. To be sentenced under that law, the defendant must be convicted of a felony (§§ 667, subds. (b), (c), 1170.12, subd. (a)) and have one or more qualifying prior serious or violent felonies (§ 667, subd. (e)). (See generally §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) Defendant was convicted of two felonies. Those convictions and his prior strike conviction therefore made him eligible for a doubling of his terms.

## II. The Trial Court Did Not Abuse Its Discretion by Refusing to Reduce Defendant's Felonies to Misdemeanors.

At the close of the prosecution's case, defendant moved to have his current crimes reduced to misdemeanors, under section 17, subdivision (b).[3] The trial court denied the motion, and defendant now contends that the court abused its discretion in doing so. We disagree.

Section 17, subdivision (b), "authorizes the reduction of 'wobbler' offenses—crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors—upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3))."[4] (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974 (*Alvarez*).) Whether to reduce a wobbler is within the sentencing court's discretion. (*Id.* at pp. 977-978.) Factors relevant to that sentencing decision include the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial. (*Id.* at p. 978.)

Characterizing the injuries inflicted on defendant's victims as a "tiny harm" and not "serious," defendant contends that the trial court abused its discretion by refusing to reduce his felonies to misdemeanors. The trial court, however, was well within its discretion to find that the nature and circumstances of the offenses militated against the reduction. The court found: "You know, if he had a spotless record—and that's not the only issue, *obviously, the facts of this case are the primary issue*, but in terms of the 17(b) reduction, it's appropriate for the court to consider the criminal history and he's got a substantial one, including this strike not too long ago that involved forcing someone to

---

[3] Defendant states in the reply brief that the trial court misapplied the law, but we interpret this as another way of stating that the court abused its discretion.

[4] Defendant was found guilty of corporal injury to a child's parent resulting in a traumatic condition (§ 273.5, subd. (a)), and of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). Because those crimes are punishable by imprisonment in county jail not to exceed one year or by imprisonment in the state prison, they are "wobblers."

do something, really, against their will. [¶] And so, certainly, on count 2, putting a 14-year-old—and I've seen the 14-year-old, he's not that big, I've seen [defendant], he's pretty big—putting him in a headlock and punching him repeatedly, or even once in the rib area, that can cause great bodily injury. And as far as Rosio R., she testified she did have some redness to her jaw, which the officer confirmed, so it's going to be up to the jury to decide whether that meets the requirements of a traumatic condition." (Italics added.) We cannot say that the court abused its discretion where, as here, there was evidence that defendant hit his son and former wife.

We also reject any suggestion that the trial court relied improperly on defendant's prior criminal history to deny the motion. The court did discuss that criminal history but expressly noted that defendant's current crimes are "the primary issue."

Nor do the cases defendant cites support his argument. *People v. Feyrer* (2010) 48 Cal.4th 426, 435,[5] considered whether the defendant's prior plea of no contest to felony assault precluded a subsequent reduction of the offense to a misdemeanor under section 17, subdivision (b)(3). The case before us, however, does not involve a plea agreement. It involves sentencing after a jury verdict.

*Alvarez* is also distinguishable. There, officers saw the defendant skateboarding on the wrong side of the street. (*Alvarez, supra,* 14 Cal.4th at p. 973.) The defendant had methamphetamine. The defendant was found guilty of violating Health and Safety Code section 11377, subdivision (a). *Alvarez* found that the trial court acted within its discretion to reduce the crime to a misdemeanor. The court also noted that the defendant's four prior burglary convictions were old and nonviolent. In contrast, the trial court here noted that violence characterized defendant's prior and current crimes.

---

[5]     Superseded by statute as stated in *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 4.

We therefore conclude that the trial court was well within its discretion not to reduce defendant's current crimes to misdemeanors.

## III. Abstract of Judgment.

The abstract of judgment incorrectly states that defendant was convicted by "plea." Defendant was convicted by a jury. Accordingly, the abstract must be modified.

## DISPOSITION

The clerk of the superior court is directed to modify the abstract of judgment to note that defendant and appellant was convicted by a jury and not by plea. The modified abstract of judgment shall be forwarded to the Department of Corrections. The judgment is affirmed as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.

We concur:


KITCHING, Acting P. J.


LAVIN, J.[*]

_____

[*]    Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.